[759 NYS2d 667]

In the Matter of Raymond T. LeBon (Admitted as Raymond Thomas LeBon), an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, June 3, 2003

### APPEARANCES OF COUNSEL

*Naomi F. Goldstein* of counsel (*Thomas J. Cahill*, attorney), for petitioner.

*Raymond T. LeBon*, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent, Raymond T. LeBon, was admitted to the practice of law in the State of New York by the First Judicial Department in 1981. Respondent is also admitted to practice law in New Jersey and Pennsylvania. Respondent has not practiced law or worked in a law office in New York State since 1987 but is subject to this Court's jurisdiction pursuant to 22 NYCRR 603.1.

Respondent submits his resignation pursuant to 22 NYCRR 603.11. The Departmental Disciplinary Committee now seeks an order, pursuant to 22 NYCRR 603.11, accepting respondent's resignation and striking his name from the roll of attorneys effective as of the date of his affidavit of resignation, March 20, 2003. In addition, the Committee requests that respondent be ordered to make restitution or reimbursement.

A review of respondent's affidavit of resignation confirms that it fully complies with the requirements set forth in Rules of this Court (22 NYCRR) § 603.11. Respondent acknowledges that: (1) he is the subject of a pending disciplinary proceeding involving allegations of professional misconduct; (2) his resignation is freely and voluntarily submitted without coercion or duress; and (3) he is fully aware of the implications of submitting his resignation, to wit, that his name will be stricken from the roll of attorneys. In addition, respondent acknowledges that if formal disciplinary charges were filed against him, he could not successfully defend himself on the merits against such charges and that he did not pay attorney registration fees to the Office of Court Administration when they were due in October 2000.

Regarding the specific circumstances compelling his resignation, respondent admits in his affidavit that while employed at a Pennsylvania law firm he directed a client to make a check payable to him in the amount of $5,895.23 which represented payment of a bill for legal services due the firm, and deposited the check into his personal bank account. Although the conversion occurred in the fall of 1999, the firm did not discover respondent's misconduct until March 2000. On March 24, 2000, respondent submitted his resignation in lieu of dismissal and subsequently repaid the funds.

Thereafter, a disciplinary proceeding was brought in Pennsylvania and by an order dated January 31, 2002, effective March 2, 2002, respondent was suspended for one year.

Respondent qualified for reinstatement as of March 2, 2003 and will be reinstated once he files the required paperwork and pays the required fees. Respondent had notified the State of New Jersey of the Pennsylvania proceeding and voluntarily withdrew from practice in New Jersey. By an order dated May 31, 2000, respondent was essentially suspended from practice in New Jersey pending the conclusion of the Pennsylvania proceeding. When the Pennsylvania suspension order was issued, New Jersey conducted a hearing following which disbarment was recommended. That matter is currently pending before the New Jersey Supreme Court. Respondent did not notify New York of either order until on or about March 2, 2003.

Accordingly, the Committee's motion should be granted to the extent of accepting respondent's resignation and striking his name from the roll of attorneys in the State of New York, effective March 20, 2003. The Committee's additional request, that this Court direct respondent to make restitution or reimbursement of the funds he converted, should be denied, as moot.

Tom, J.P., Saxe, Ellerin, Williams and Marlow, JJ., concur.

Resignation accepted. Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to March 20, 2003.